IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. APRIL GREN BAWDEN, CHAD AUSTIN BAWDEN, MAKAIO LYMAN CRISLER, et al., Defendants. | MEMORANDUM DECISION AND ORDER Case No. 2:22-cr-481 District Judge David B. Barlow Chief Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendants Robert McKinley's and Dustin Garr's Motion for a Bill of Particulars.[1] This case involves the formation of alleged sham LLC's that were designed to defraud financial institutions into opening merchant accounts that would accept credit cards. Defendants allege the Superseding Indictment is "hopelessly vague" and fails to apprise them of the pending charges. In contrast, according to the Government, the Superseding Indictment is a "34-page speaking indictment" that describes the overview of the scheme. The court is not persuaded that the Superseding Indictment is "hopelessly vague" and finds it adequately provides notice of the charges against Defendants. Thus, as set forth herein the motion is denied.

In December 2022, a grand jury returned an indictment charging McKinley and Garr, along with other Defendants, with alleged violations arising from a conspiracy to commit brank fraud, wire fraud, money laundering and aggravated identity theft. In March 2023, the grand jury returned the Superseding Indictment that is at issue here. The Superseding Indictment explains

---

[1] ECF No. 258.

an overview of the scheme that involved the sale of nutraceutical, CBD, and dietary supplement products through various marketing mechanisms. Consumers were allegedly misled about the vitality of the products. The industry in which Defendants engaged is considered high risk by financial institutions and payment processors due to the large number of chargebacks and the liability associated with consumer use of the products. Merchant Processors seek to limit this risk via underwriting and other best practices when a merchant account is opened. The Government alleges that Defendants utilized certain tactics to avoid the risk-mitigating strategies taken by Merchant Processors. This included setting up hundreds of websites, limited liability companies (LLCs), checking accounts, and merchant processing accounts in the names of a variety of individuals. These individuals did not in reality own these accounts, instead, the Government alleges Defendants controlled the accounts and recruited and paid individuals who were straw owners.

      The Superseding Indictment then goes on to specifically identify the named Defendants and their involvement in the alleged scheme and sets forth the individual counts. Defendants argue this is not enough and seek more information so they can know with "sufficient precision" how to prepare their defense. Defendants move for a bill of particulars in part because the discovery provided by the Government raises more questions than answers and additional detailed information is needed.

      Generally, under the Federal Rules of Criminal Procedure, a bill of particulars may be sought "before or within 14 days after arraignment or at a later time if the court permits."[2] Moving Defendants aver that the delay here in seeking a bill of particulars is justified because of

---

[2] Fed. R. Crim. P. 7(f).

the need to "review the huge amount of discovery in this case."[3] The court does not deny Defendants' motion on the basis of untimeliness.

As noted by the Tenth Circuit, "'The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense....'"[4] An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged."[5] A bill of particulars is not necessary if "the indictment sets forth the elements of the offense charged and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial."[6] The Tenth Circuit has held that "where the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it 'need not go further and allege in detail the factual proof that will be relied upon to support the charges.'"[7]

Here, the Superseding Indictment sets forth the elements of the charged offenses, the statutes violated, describes the scheme and financial industry in detail, and sets forth the straw accounts by name and the approximate date of creation. It also provides details regarding wire transfers and monetary transactions that were part of the alleged scheme. Given these details, the court finds the Superseding Indictment meets the requisite standards set forth by the Tenth Circuit, which negates a need for a bill of particulars.[8]

---

[3] Mtn. p. 2.

[4] *United States v. Levine*, 983 F.2d 165, 166–67 (10th Cir. 1992) (quoting *Untied States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988)).

[5] Fed. R. Crim. P. 7(c).

[6] *Dunn*, 841 F.2d at 1030.

[7] *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008) (quoting *Dunn*, 841 F.2d at 1029) (quotations omitted).

[8] The cases involving conspiracies cited to by Defendants where a bill of particulars was ordered are unpersuasive under the present facts and given the details provided in the Superseding Indictment. *See, United States v. Aispuro*, 2010 WL 1404196 (D.N.M. March 16, 2010); *United States v. Lonzo*, 793 F.Supp. 57 (N.D.N.Y. 1992); *United States v. Taylor*, 707 F.Supp. 696 (S.D.N.Y. 1989).

Accordingly, Defendants' Motion is DENIED.

DATED this 28 December 2023.

_____
Dustin B. Pead
United States Magistrate Judge